IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUANTEZ TENNYSON, | ) |
| | ) Civil Action No. 11 - 35 |
| Plaintiff, | ) |
| | ) District Judge Joy Flowers Conti |
| v. | ) Magistrate Judge Cynthia Reed Eddy |
| | ) |
| LT. ROHRBACHER, C/O III; and MS. KERRI CROSS, Hearing Examiner, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

It is respectfully recommended that Defendants' Motion to Dismiss Complaint (ECF No. 9) be granted and that the Complaint be dismissed with prejudice without the right to amend.

**II.  REPORT**

Plaintiff, Juantez Tennyson, an inmate currently confined at the State Correctional Institution at Dallas, Pennsylvania, commenced this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights with respect to a misconduct he received on November 19, 2008 for possession of controlled substances.  For the reasons set forth below, the Complaint should be dismissed as it was filed outside the applicable limitations period and it would be futile to allow Plaintiff to file an amended complaint in this matter.

A. Standard of Review

Defendants have filed a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) (ECF No. 9).  To withstand a motion to dismiss, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v.Twombly, 550 U.S. 554, 556

(2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

In deciding this motion, the court must read the complaint in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n. 6 (1963).[1] Moreover, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name. Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quotation omitted).

## B. Relevant Allegations and Facts of Record

In his Complaint, Plaintiff alleges that Defendant Rohrbacher issued a false misconduct against him on November 19, 2008 charging him with possession of dangerous or controlled substances. He claims that he was placed in pre-hearing confinement in the restricted housing unit (RHU) and his custody level was raised to a Level 5, which is the maximum level. Plaintiff further claims that on November 26, 2008, Hearing Examiner Cross conducted an *in*

---

1 Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

*camera* hearing with Lt. Rohrbacher rather than with the confidential source of information (CSI) who had supplied information to Rohrbacher. Spoecifically, the CSI told Defendant Rohrbacher that he had bought drugs from Plaintiff and then delivered them to the search team. Plaintiff asserts that this *in camera* hearing violated DOC procedures relating to CSIs and denied him his right to cross examine witnesses. Plaintiff claims that Rohrbacher issued the false misconduct in retaliation for Plaintiff's refusal to become a CSI himself.

## C. Limitations Periods

Plaintiff seeks recovery against Defendants under 42 U.S.C. § 1983. This statute does not contain a specific federal statute of limitations period for filing civil rights actions thereunder. Instead, the limitations period for civil actions brought under this statute is determined by state law. Such actions are classified as personal injury claims for the purpose of determining the limitations period under the applicable state law. Wilson v. Garcia, 471 U.S. 261, 272-76 (1985). The limitations period for personal injury actions under Pennsylvania law is two years. 42 Pa. Cons. Stat. Ann. § 5524. Thus, under Pennsylvania law, the applicable limitations period for civil rights actions asserted under 42 U.S.C. § 1983 is two years.

In Pennsylvania, the limitations period begins to run from the time the plaintiff suffers the injury or has reason to know of the injury. Morgan v. Johns-Manville Corp., 354 Pa. Super. 58, 61-62, 511 A.2d 184, 186, *allocatur denied*, 514 Pa. 636, 522 A.2d 1105 (1986). Federal law, however, governs the date of accrual for claims brought under § 1983. Gibson v. Superintendent of New Jersey Dept. of Law and Public Safety, 411 F.3d 427, 435 (3d Cir. 2005), *cert. denied*, 547 U.S. 1035 (2006). Under federal law, much like in Pennsylvania, the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action. Gibson, 411 F.3d at 435 (quoting

3

Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998) (holding that the statute of limitations begins to run on an illegal search and seizure claim at the time of the search). *See also* Wallace v. Kato, 549 U.S. 384, 390 (2007) ("[I]t is the standard rule that [accrual occurs] when the plaintiff has a complete cause of action ... that is, when the plaintiff can file suit and obtain relief") (internal quotations and citations omitted).

Plaintiff's Complaint is signed and dated December 29, 2010. All of the events Plaintiff references in his Complaint occurred over two years prior to his filing the Complaint in this case. Thus, he may not seek recovery under 42 U.S.C. § 1983 as to any of the events set forth in his Complaint. Consequently, the Complaint should be dismissed with prejudice against all Defendants.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Defendants' Motion to Dismiss Complaint (ECF No. 9) be granted and that the Complaint be dismissed with prejudice without the right to amend.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will constitute a waiver of any appellate rights.

|  |  |
|---|---|
| November 29, 2011 | /s Cynthia Reed Eddy<br>Cynthia Reed Eddy<br>United States Magistrate Judge |

cc: Juantez Tennyson, EF-7297
    SCI Dallas
    1000 Follies Road
    Dallas, PA 18612